RECEIVED AND FILED
MAY 19 2021
EVA J. GIVENS, CIRCUIT CLERK
BY_____ D.C.

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

**CYNTHIA CAIN**  PLAINTIFF

vs.                                            Cause No. 21-KV-0032-S

**WAL-MART STORES EAST, LP**
**and JOHN DOES 1-5**                          DEFENDANTS

### COMPLAINT
### (Trial by Jury Requested)

**COMES NOW**, the Plaintiff, Cynthia Cain, by and through the undersigned counsel, and files this Complaint against the Defendants, Wal-Mart Stores East, LP ("Wal-Mart") and John Does 1-5, and in support thereof would respectfully show unto this Honorable Court, the following, to wit:

### I.) PARTIES

1. The Plaintiff, Cynthia Cain, is an adult resident citizen of Adams County, Mississippi, who currently resides at 41 Rosehill Road, Natchez, Mississippi 39120.

2. The Defendant, Wal-Mart Stores East, LP, is a foreign limited partnership registered to conduct business in the State of Mississippi. It has appointed CT Corporation System as its registered agent for service of process and may be served at 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

3. The Defendants, John Does 1-5, are persons and/or entities whose identities are currently unknown to Plaintiff. These persons and/or entities include, but are not limited to, those who are liable to Plaintiff for the actions and/or inactions complained of herein. Plaintiff reserves the right to add these Defendants as their identities are discovered.



**EXHIBIT A**

## II.) JURISDICTION & VENUE

4. This Court has jurisdiction over the parties and the subject matter of this Complaint.

5. Venue is proper in this court pursuant to the relevant provisions of Mississippi Code Annotated § 11-11-3.

## III.) FACTS

6. On or about June 7, 2018, Plaintiff, Cynthia Cain, was a customer at the Wal-Mart store located in Natchez, Mississippi.

7. During her time as a Wal-Mart customer, the Plaintiff entered a stall in the public restroom.

8. When Plaintiff sat down on the toilet, the seat dismantled and shifted to one side causing Plaintiff to be thrown against the wall and onto the floor.

9. As a result of the incident described above, Plaintiff suffered serious physical injuries, as well as mental and emotional distress.

10. At all times pertinent to this incident, Plaintiff acted with reasonable and prudent regard for her own safety.

11. At all times pertinent to this incident, Plaintiff was within her rights to be on the premises.

12. Wal-Mart knew or should have known of the defective condition of the toilet seat and that it would pose a hazardous condition for customers.

## IV.) CLAIM OF NEGLIGENCE

13. Plaintiff incorporates and restates by reference herein all allegations set forth above.

14. Wal-Mart owed the following duties to Plaintiff:

    a. Duty to properly and adequately maintain and inspect the premises;

    b. Duty to warm of dangerous conditions; and

    c. Duty to provide a safe environment.

15. Wal-Mart breached said duties by one or more of the following actions/inactions:

    a. Failure to properly and adequately maintain and inspect the premises;

    b. Failure to warn the Plaintiff of the dangerous condition; and

    c. Failure to provide a safe environment for Plaintiff.

16. Wal-Mart knew or should have known of the dangerous condition and the risks it posed to Plaintiff.

17. Wal-Mart's negligence is the direct and proximate cause of the injuries and damages sustained by the Plaintiff.

## V.) RES IPSA LOQUITUR

18. But for the negligence of Wal-Mart, this type of accident could not have occurred.

19. At all times pertinent to this incident, Wal-Mart had actual or constructive knowledge of the dangerous condition and control of the premises.

20. Plaintiff is without fault, and her injuries are solely attributable to the negligence of Wal-Mart.

## VI.) DAMAGES

21. Plaintiff incorporates and restates by reference herein all allegations set forth above.

22. As a direct and proximate result of Wal-Mart's negligence, the Plaintiff suffered injuries and damages including, but not limited to the following:

    a. Past, present, and future medical bills and expenses;

    b. Past, present, and future pain and suffering; and

    c. Past, present, and future emotional distress.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Cynthis Cain, prays this Honorable Court will file this Complaint and deem it good and sufficient. Plaintiff further prays for a judgment against Defendants, jointly and severally, in an amount that will adequately compensate her for the injuries and damages she has sustained as a result of the Defendants' negligence. Plaintiff additionally prays that this Court will award her interest as permitted by law, costs of this suit, attorneys' fees, and expert witness fees. Lastly, Plaintiff prays for any and all equitable relief to which she may be entitled.

Respectfully submitted, this, the _18th_ day of May, 2021.

CYNTHIA CAIN

By: _/s/ Charles C. Cole_

TONEY A. BALDWIN, MSB # 102161
CHARLES C. COLE, MSB # 105806
*Attorneys for Plaintiff*

OF COUNSEL:

TONEY BALDWIN & ASSOCIATES, PLLC
4680 McWillie Drive
Jackson, Mississippi 39206
T: (601) 960-4533
F: (601) 981-7163
E: baldwinlawfirm@yahoo.com | ccole@tbapllc.com